David Lopez (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Rd. | P.O. Box 323
Southampton, NY 11969-0323
631.287.5520 | DavidLopezEsq@aol.com

Miriam Tauber (MT-1979)
MIRIAM TAUBER LAW PLLC
885 Park Ave. 2A
New York, NY 10075
323-790-4881 | MiriamTauberLaw@gmail.com
    *Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DENNIS J. DONOGHUE,<br><br>  Plaintiff,<br><br>  v.<br><br>DATAVAULT AI INC.,<br><br>  Nominal Defendant,<br><br>  and<br><br>NATHANIEL T. BRADLEY,<br><br>  Defendant. | Case No.  _____26-CV-5442_____<br><br>**COMPLAINT**<br>**FOR RECOVERY OF**<br>**SHORT SWING PROFITS**<br>**UNDER 15 U.S.C. § 78p(b)**<br><br>**JURY TRIAL DEMANDED** |

**DENNIS J. DONOGHUE**, by David Lopez, Esq., and Miriam Tauber, Esq., his attorneys, complaining of the Defendants, respectfully alleges the following upon information and belief, except as to ¶2, which Plaintiff alleges on personal knowledge:

**JURISDICTION**

1.    This action arises under the provisions of §16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. §78p(b), and jurisdiction is conferred upon this Court by §27 of the Act, 15 U.S.C. §78aa.

1

## THE PARTIES

2.      Plaintiff is a security owner of DATAVAULT AI INC. ("DATAVAULT"), an AI company and Delaware corporation with principal offices at One Commerce Square, 24th Floor, 2005 Market St.-Suite 2400, Philadelphia, PA 19103.

3.      At all times relevant the common stock of DATAVAULT was registered under §12(b) of the Act, 15 U.S.C. § 78*l*, and its shares were and are traded under the symbol DVLT on the NASDAQ Capital Market, an exchange located within this District. Some of the sales identified herein were made on that exchange.

4.      This action is brought in the right and for the benefit of DATAVAULT, which is named as a Nominal Defendant solely to have all necessary parties before the Court.

5.      At all times relevant NATHANIEL T. BRADLEY ("MR. BRADLEY") was and is a Director, Chief Executive Officer, and 10% "Beneficial Owner" of DATAVAULT, and a statutory "insider" of DATAVAULT for purposes of §16(b).

6.      MR. BRADLEY has an office or may be found c/o DATAVAULT at its offices listed at ¶2, above. Additionally, MR. BRADLEY is a director and the sole officer of EOS Technology Holdings Inc., which is headquartered within this District, at: 48 Wall Street-11th Floor, New York NY 10005, where MR. BRADLEY also maintains an office. Some of the transactions alleged herein were executed by or on behalf of EOS Technology Holdings Inc.

## STATUTORY REQUISITES

7.      The violations of §16(b) to be described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act and of related rules and regulations.

8.     Demand for prosecution was made on February 24, 2026, by e-mail and first-class mail. There has been no response received from DATAVAULT, and more than 60 days have expired. Further delay in instituting suit would be futile.

9.     This action is brought within two years of the occurrence of the violations to be described herein or within two years of the time when reports required by 15 U.S.C. §78p(a) setting forth the substance of the transactions here complained of were first filed with the Securities & Exchange Commission ("SEC").

## FIRST CLAIM FOR RELIEF

10.     On September 7, 2025, within less than six months of the sales aforesaid, MR. BRADLEY, as an officer and the sole director of EOS Technology Holdings Inc. ("EOS"), caused EOS to purchase 10,000,000 shares of the common stock of DATAVAULT, by agreeing to a so-called partial "conversion" of an outstanding $10 million promissory note previously issued by DATAVAULT to EOS. The terms of the EOS Note were "waived" and did not apply to the so-called "conversion" transaction, which provided for the cancellation of $3.2 million out of the $10 million Note in exchange for the issuance of 10 million shares to EOS, for a "conversion price" of $0.32 per share, which is consistent with the trading price of DVLT common stock on the "conversion" date.

11.     The "conversion" transaction entered and effective on September 7, 2025, was a non-exempt purchase of 10,000,000 shares of DATAVAULT common stock by EOS, and by MR. BRADLEY as the beneficial owner of EOS and of the DATAVAULT shares acquired by EOS. The so-called "conversion" transaction is not within the exemption provided by SEC Rule 16b-6(b), 17 C.F.R. §240.16b-6, for the conversion of a previously established derivative instrument, because the price at which the shares were "converted" or acquired on September 7, 2025, were

not previously established by the outstanding EOS Note, but rather re-negotiated and established by the conversion agreement on September 7, 2025, the date of the transaction. Because the price of the "conversion" was established on the "conversion" date, the transaction is not treated as a derivative transaction at all but deemed a straightforward purchase of the underlying shares at a purchase price equivalent to the "conversion" price.

12.    The following sales of DATAVAULT stock were executed by MR. BRADLEY or for his pecuniary benefit within six months of the "conversion" and purchase of 10 million DATAVAULT shares described at ¶¶10-11 above.

| Date | Sale Transaction | Shares Sold | Sale Price |
|---|---|---|---|
| 7/30/2025 | Transfer of shares to third parties by EOS per Settlement Agreement (*see* ¶13) | 300,000 | $0.57 (closing market price) |
| 8/8/2025 | Transfer to third party by EOS per Services Agreement (*see* ¶13) | 1,000,000 | $0.42 (closing market price) |
| 8/19/2025 | Transfer to third party by EOS per Consulting Agreement (*see* ¶13) | 110,909 | $0.43 (closing market price) |
| 8/28/2025 | Sale (to cover taxes) (*see* ¶14) | 29,391 | $0.4 |
| 8/28/2025 | Sale by spouse (to cover taxes) (*see* ¶¶14, 15) | 4,862 | $0.4 |
| 9/23/2025 | Transfer to third party by EOS per Consulting Agreement/Side Letter (*see* ¶13) | 180,000 | $0.74 (closing market price) |
| 11/21/2025 | Sale (to cover taxes) (*see* ¶14) | 20,493 | $2.44 |
| 11/21/2025 | Sale by spouse (to cover taxes) (*see* ¶¶14, 15) | 7,315 | $2.44 |
| 12/23/2025 | Sale (to cover taxes) (*see* ¶14) | 31,031 | $0.93 |
| 12/23/2025 | Sale by spouse (to cover taxes) (*see* ¶¶14, 15) | 11,987 | $0.93 |

13.    None of the transfers to third parties by EOS pursuant to the agreements described above are exempt from §16(b). All are treated as sales of shares by EOS at market value on the dates on which the shares were transferred by EOS to third parties in satisfaction of payment obligations under the respective agreements.

14.    Sales indicated as executed "to cover taxes" refer to sales sold on the open market by DATAVAULT, at the direction and for the benefit of MR. BRADLEY or his spouse, Sonia

Choi, who is also an employee of DATAVAULT, to satisfy "tax obligations in connection with vesting of equity awards." While the forfeiture or sale of securities by an insider ***to the Company*** in connection with the vesting of equity awards might be eligible for an exemption from §16(b) under SEC Rule 16b-3, no exemption is available to exclude the open market sale of shares by an insider, or by the Company acting at the direction and for the benefit of an insider—even if for the purpose of satisfying tax withholding or other payment obligations in connection with an exempt equity award or exercise. *See* SEC Release No. 26524 §IV.I, 1996 WL 290234, at *21 & n.147 (May 31, 1996) ("The sale of shares to pay the exercise price of an option under a cashless exercise program is exempt from §16(b) ***if the issuer is the purchaser, but not if the shares are sold on the open market*** by a broker or other third party") (Emphasis added).

15.    Sales of DATAVAULT shares by MR. BRADLEY's spouse are presumptively attributed to MR. BRADLEY and within MR. BRADLEY'S "beneficial ownership" and "pecuniary interest" under SEC Rule 16a-1(a)(2)(ii)(A).

16.    MR. BRADLEY realized short-swing profits in amounts presently unknown to Plaintiff but estimated at approximately **$350,734**. These profits belong to DATAVAULT and are recoverable by Plaintiff on its behalf and for its benefit, DATAVAULT having declined to do so itself.

**SECOND CLAIM FOR RELIEF**

17.    This SECOND CLAIM FOR RELIEF is a precaution against possible errors of detail attributable to inaccuracies in the public record or to the discovery of additional trades during the pendency of this case.

18.    MR. BRADLEY, during periods not barred by the statute of limitations measured from the date of the filing of this complaint, purchased and sold or sold and purchased

DATAVAULT securities within periods of less than six months while an officer, director and 10% beneficial owner of DATAVAULT, including but not limited to the transactions pleaded in the First Claim for Relief, which purchases were at prices lower than the sales.

19.     By reason of such purchases and sales or sales and purchases of its equity securities or equity security equivalents within periods of less than six months while an insider of DATAVAULT, MR. BRADLEY realized profits, the exact amounts thereof being unknown to Plaintiff, which profits inure to the benefit of, and are recoverable by Plaintiff on behalf and for the benefit of, DATAVAULT.

**WHEREFORE**, Plaintiff demands judgment:

a. Requiring MR. BRADLEY to account for and to pay over to DATAVAULT all short-swing profits realized and retained by him in violation of §16(b) of the Act, together with appropriate interest and the costs of this suit;

b. Awarding to Plaintiff his costs and disbursements including reasonable attorneys', accountants and expert witness fees; and;

c. Granting to Plaintiff such other or different and further relief as the Court may deem just and proper.


Dated: Southampton, New York
           June 26, 2026


Yours, etc.

*/s/ David Lopez*

_____
David Lopez, Esq.  (DL-6779)
Miriam Tauber, Esq. (MT-1979)
   *Attorneys for Plaintiff*

6